CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JAN 1 0 2007

JOHN F. CORCORAN, CLERK
BY: /s/ J. Bright
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| JAMES WESLEY MORGAN,<br>    Petitioner, | )<br>)<br>) | Civil Action No. 7:06CV00652 |
| v. | )<br>) | **MEMORANDUM OPINION** |
| GENE M. JOHNSON, DIRECTOR,<br>    Respondent. | )<br>)<br>) | By: Hon. Glen E. Conrad<br>United States District Judge |

James Wesley Morgan, a Virginia inmate proceeding pro se, filed this action as a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254. Morgan challenges the validity of his conviction in the Circuit Court for the County of Halifax. The petition is presently before the court on the respondent's motion to dismiss. For the reasons set forth below, the court will grant the respondent's motion.

## BACKGROUND

Morgan was convicted of robbery following a bench trial on October 1, 2003. He was subsequently sentenced to a term of imprisonment of fifty years with forty years suspended.

Morgan appealed his conviction to the Court of Appeals of Virginia. On June 30, 2004, the petition for appeal was denied by a single judge on the Court of Appeals. The judge's decision was adopted by a three-judge panel on September 28, 2004. Morgan then filed a petition for appeal in the Supreme Court of Virginia. By order entered March 17, 2005, the petition for appeal was refused.

On February 17, 2006, Morgan filed a petition for writ of habeas corpus in the Circuit Court for the County of Halifax. By order dated April 6, 2006, the petition was dismissed. Morgan appealed the dismissal of the petition to the Supreme Court of Virginia, and on September 27, 2006, the petition for appeal was refused.

Morgan mailed the instant petition on October 31, 2006. The petition includes the following claims:

1. "Petitioner was denied his constitutional rights to effective assistance of counsel and due process of law, as guaranteed to him by the Fifth, Sixth, and Fourteenth Amendments of the United States Constitution ... when defense counsel failed to challenge the violation of petitioner's due process rights, under the Fifth and Fourteenth Amendments of the U.S. Constitution, when the petitioner was subject to a suggestive police identification procedure, where police officers showed the petitioner's drivers license, singly to the alleged victim for purpose of the identification."

2. "Petitioner was denied his constitutional rights to effective assistance of counsel and due process of law as guaranteed to him by the Fifth, Sixth and Fourteenth Amendments of the U.S. Constitution ... when defense counsel failed to challenge the impermissibl[e] suggestiveness of the six (6) man photo array, which violated the petitioner's due process rights, in that (i) the petitioner is the only fully blonde haired subject; (ii) the petitioner is the only subject with a goatee; (iii) the petitioner is the only subject not displayed with a brick wall as a backdrop; (iv) the petitioner is the only subject with a shadow that outlined him; and (v) the petitioner is the only blonde haired subject, that looks too young to buy beer."

The respondent moved to dismiss Morgan's petition on December 7, 2006. Since Morgan has now filed a response, the motion is ripe for review.

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 2254(b), a petitioner challenging a state court conviction must first exhaust remedies available in the courts of the state in which he was convicted before seeking federal habeas review. See Preiser v. Rodriguez, 411 U.S. 475 (1973). When a claim has been adjudicated on the merits by a state court, this court may grant habeas relief only if the state court's adjudication of the claims "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts." 28 U.S.C. § 2254(d). The United States Supreme Court has explained that this statute "plainly sought to ensure a level of

2

'deference to the determinations of state courts,' provided those determinations did not conflict with federal law or apply federal law in an unreasonable way." Williams v. Taylor, 529 U.S. 362, 386 (2000) (internal citations omitted). Consequently, "state-court judgments must be upheld unless, after the closest examination of the state-court judgment, a federal court is firmly convinced that a federal constitutional right has been violated." Id. at 389.

## DISCUSSION

I.  Claim 1

In his first claim, Morgan alleges that he was subjected to a suggestive police identification procedure, in that police officers showed the robbery victim a copy of Morgan's driver's license. Morgan also alleges that his trial counsel was ineffective for failing to challenge the suggestiveness of this procedure.

Morgan raised the same arguments in his state habeas petition. To the extent Morgan challenged the validity of the police identification procedure, the state habeas court ruled that the argument was procedurally barred pursuant to Slayton v. Parrigan, 215 Va. 27, 29, 205 S.E.2d 680, 682 (1974), because the argument could have been raised at trial and on direct appeal. The United States Court of Appeals for the Fourth Circuit has repeatedly held that the rule set forth in Slayton constitutes an adequate and independent state ground for the denial of federal habeas relief. See Roach v. Angelone, 176 F.3d 210, 221 (4th Cir. 1999); Fisher v. Angelone, 163 F.3d 835, 853 (4th Cir. 1998); Wright v. Angelone, 151 F.3d 151, 159-60 (4th Cir. 1998). Consequently, Morgan's arguments regarding the validity of the police identification procedure may not be reviewed by this court absent a showing of cause and prejudice or actual innocence. Roach, 176 F.3d at 221. Because Morgan has not attempted to establish cause and prejudice or

3

actual innocence to excuse the procedural default, this portion of Morgan's first claim must be dismissed.

As for Morgan's allegations of ineffective assistance, the state habeas court held that the allegations failed to satisfy either prong of the test for ineffective assistance set forth in Strickland v. Washington, 466 U.S. 668 (1984).[1] In reaching this decision, the state habeas court found that Morgan failed to prove that the identification procedure was unnecessarily suggestive or that the robbery victim's identification was so unreliable that there was a substantial likelihood of misidentification. See Neil v. Biggers, 409 U.S. 188, 198-200. Thus, the state habeas court concluded that Morgan's trial counsel did not act in a deficient manner by failing to challenge the identification evidence, and that trial counsel's performance did not prejudice Morgan's defense. Relying on an affidavit from Morgan's trial counsel, the state habeas court also emphasized that "[c]ounsel did consider raising the issue of identity and concluded, after the victim's unwavering identification of Morgan [in court], [that] the issue of identity was 'unsupportable.'" The state habeas court found trial counsel's decision to be "reasonable," and noted that "counsel was not ineffective for failing to make a futile motion or raise [a] meritless issue." Having reviewed the record, the court agrees with the respondent that the state habeas court properly applied the Strickland test, and that the state habeas court's disposition of this claim did not involve an unreasonable determination of the facts. Accordingly, Morgan's first claim must be dismissed.

---

[1] In Strickland, 466 U.S. 668, 669 (1984), the United States Supreme Court set forth a two-prong test for evaluating ineffective assistance claims. The defendant must show that his counsel's performance fell "below an objective standard of reasonableness," and that the "deficient performance" must have "prejudiced the defense." Id. at 687-688. The prejudice prong "generally requires the defendant to demonstrate by a reasonable probability that, but for counsel's error, the result of the proceeding would have been different." Frazer v. South Carolina, 430 F.3d 696, 703 (4th Cir. 2005).

4

II. Claim 2

In his second claim, Morgan alleges that police officers showed an impermissibly suggestive photo array to one of the robbery witnesses. Morgan also alleges that his trial counsel was ineffective for failing to challenge the validity of the photo array.

Morgan raised the same arguments in his state habeas petition. To the extent Morgan challenged the validity of the photo array, the state habeas court ruled that the argument was procedurally defaulted pursuant to Slayton v. Parrigan, 215 Va. at 29, 205 S.E.2d at 682, because the argument could have been raised at trial or on direct appeal. As previously stated, the rule set forth in Slayton constitutes an adequate and independent state ground for the denial of federal habeas relief. See Roach, 176 F.3d 210 at 221; Fisher, 163 F.3d 835 at 853; Wright, 151 F.3d at 159-60. Because Morgan has not attempted to establish cause and prejudice or actual innocence to excuse the procedural default, this portion of Morgan's second claim must be dismissed. Roach, 176 F.3d at 221.

The states habeas court also concluded that Morgan's allegations of ineffective assistance failed to satisfy either prong of the Strickland test. As with Morgan's first ineffective assistance claim, the state habeas court found that Morgan failed to prove that the identification procedure was unnecessarily suggestive or that the robbery witness's identification was so unreliable that there was a substantial likelihood of misidentification. See Neil, 409 U.S. at 198-200. Thus, the state habeas court concluded that Morgan's trial counsel was not ineffective for failing to challenge the identification evidence, and that counsel's performance did not prejudice Morgan's defense. Because the state habeas court's decision did not involve an unreasonable application of clearly established federal law or an unreasonable determination of the facts, Morgan's second claim must be dismissed.

5

## CONCLUSION

For the reasons stated, the court will grant the respondent's motion to dismiss.[2] The Clerk is directed to send certified copies of this opinion and the accompanying order to the petitioner.

ENTER: This 10th day of January, 2007.

                                                /s/ Jackson Conrad
                                                United States District Judge

---

[2] Having concluded that Morgan is not entitled to habeas corpus relief under 28 U.S.C. § 2254, the court will deny Morgan's motion for summary judgment.